UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| LERNARD DIXON,             ) | |
|          Movant,     ) | |
|     )  | |
|   vs.             ) | Case No. 3:13-cv-00137-LJM-WGH |
|     ) | Case No. 3:10-cr-0005-LJM-WGH-11 |
| UNITED STATES OF AMERICA.   ) | |

**Order Denying Motion for Relief Pursuant to
28 U.S.C. ' 2255 and Denying Certificate of Appealability**

For the reasons explained herein, the motion of Lernard Dixon ("Dixon") for relief pursuant to 28 U.S.C. ' 2255 must be **DENIED** and this action dismissed with prejudice. In addition, the Court finds that a certificate of appealability should not issue.

## I. The ' 2255 Motion

### A. Background

On January 28, 2010, Dixon was charged in a seventeen-count, multi-defendant, Indictment for drug related offenses. Count 15 charged Dixon with knowingly and intentionally using a communication facility, a telephone in this case, with the intent to commit or facilitate the commission of the drug offenses. On March 24, 2011, Dixon filed a Petition to Enter a Plea of Guilty. A Plea Agreement pursuant to Rules 11(c)(1)(A), (B), and (C), of the Federal Rules of Criminal Procedure was filed. The Plea Agreement provided that Dixon agreed to a sentence of 96 months and no more than 5 years of supervised release. He agreed further that if the Court rejected the plea with its requirement of a 96 month sentence, that Dixon would be given the opportunity to withdraw the plea and enter a plea of not guilty whereupon the matter would be set for a

jury trial. The plea agreement called for Dixon to plead guilty to Conspiracy to Distribute in Excess of 5 grams of a Substance containing Cocaine Base, which was a lesser included offense to the offenses charged. Dixon also "expressly waive[d] his right to appeal the conviction and any sentence imposed on any ground, . . . [and] also expressly agree[d] not to contest, or seek to modify, her conviction or her sentence or the manner in which it was determined in any proceeding, including but not limited to, an action brought under 28 U.S.C. § 2255." Plea Agreement, Crim. Dkt. 90 at ¶ 10.

On April 26, 2011, a plea hearing was held and the Court took Dixon's plea under advisement pending a presentence report and the arguments of counsel. On July 11, 2011, the Court held a sentencing hearing, accepted Dixon's plea pursuant to Rule 11(E)(1)(c) and sentenced him to the agreed upon 96 months. Count 15 was dismissed on the Government's motion. The Judgment of Conviction was entered on July 26, 2011. Dixon, in compliance with his plea, did not appeal.

On May 10, 2012, Dixon filed a 18 U.S.C. § 3852 motion requesting a reduction in sentence pursuant to the retroactive application of the sentencing guidelines for crack cocaine. That motion has been denied for the reason that he had a binding plea agreement and because his base offense level was not lowered by the amendment. Both of these reasons for denying Dixon relief are set out in the entry denying the request dated May 21, 2012, and found as entry 431 on the Docket sheet of Cause No. 3:10-cr-0005.

Dixon filed a § 2255 petition on June 21, 2013, which now pends before this Court.

## B. Discussion

Dixon's § 2255 petition suggests that he is entitled to relief based on the Supreme Court's ruling in *Dorsey v. U.S.*, 132 S.Ct. 2321, 2323 (2012).[1]

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations period for § 2255 motions. 28 U.S.C. § 2255(f). For purposes of § 2255(f)(1), that period runs from "the date on which the judgment of conviction becomes final." *Id.* Dixon did not appeal his conviction or his sentence, thus his conviction became final August 10, 2011. *See* 28 U.S.C. § 2255(f)(1); *Clay v. United States*, 537 U.S. 522, 532 (2003). The last day upon which Dixon could have filed a timely § 2255 motion was August 10, 2012. Dixon's motion is untimely by almost a year.

Dixon did not reply to the United States argument and there is no basis upon which the Court could conclude that equitable tolling is appropriate in this case. Accordingly, Dixon's § 2255 motion is time-barred and summarily dismissed with prejudice on this basis.

In addition, Dixon's knowing waiver of a right to appeal and any right stemming from 28 U.S.C. § 2255 precludes him from seeking relief under the statute. "A waiver of appeal is valid, and must be enforced, unless the agreement in which it is contained is annulled." *United States v. Hare*, 269 F.3d 859, 860 (7th Cir. 2001)

---

[1] "*Dorsey* holds that persons sentenced on or after August 3, 2010, receive the benefit of the lower minimum and maximum sentences specified in the Fair Sentencing Act of 2010." *U.S. v. Foster,* 706 F.3d 887, 888 (7th Cir. 2013). *Dorsey's* holding, however, could have no impact on Turner's sentence. As discussed above, Turner was charged and sentenced after the Fair Sentencing Act of 2010 became effective.

### C. Conclusion

For the reasons explained above, Dixon is not entitled to relief in this action. Accordingly, his motion for relief pursuant to ' 2255 is **DENIED,** and this action must be dismissed with prejudice. Judgment consistent with this Entry shall now issue. A copy of this Order and of the accompanying Judgment shall be entered in the underlying criminal action, Cause No. 3:10-cr-00005-LJM-WGH-11.

## II. Certificate of Appealability

Pursuant to Rule 22(b) of the Federal Rule of Appellate Procedure, Rule 11(a) of the Rules Governing § 2255 Proceedings, and 28 U.S.C. § 2253(c), the Court finds that Dixon has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" or "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court, therefore, **DENIES** a certificate of appealability.

IT IS SO ORDERED this 24th day of June, 2015.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

LERNARD DIXON
09354-028
LEXINGTON - FMC
LEXINGTON FEDERAL MEDICAL CENTER
Inmate Mail/Parcels
P.O. BOX 14500
LEXINGTON, KY 40512

Matthew P. Brookman
UNITED STATES ATTORNEY'S OFFICE - EV
Matthew.Brookman@usdoj.gov